**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | : Chapter 7 |
| | : |
| GIGAMEDIA ACCESS | : Case No. 19-12537 (KBO) |
| CORPORATION, | : |
| | : |
| Debtor. | : |
| | : |
| JEOFFREY L. BURTCH, CHAPTER 7 | : |
| TRUSTEE FOR THE BANKRUPTCY | : |
| ESTATE OF GIGAMEDIA ACCESS | : |
| CORPORATION, | : |
| | : |
| Plaintiff, | : Adv. Pro. No. |
| | : |
| v. | : |
| | : |
| TODD R. WINCUP, | : |
| | : |
| Defendant | : |
| | : |

**COMPLAINT TO AVOID AND RECOVER PREFERENTIAL AND**
**FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. §§ 548 & 550**

Plaintiff, Jeoffrey L. Burtch, the chapter 7 trustee  (the "Trustee" or the "Plaintiff") for the

bankruptcy estate (the "Estate") of GigaMedia Access Corporation (the "Debtor"), by his

undersigned attorneys, files this complaint (the "Complaint") against Todd R. Wincup (the

"Defendant"), and in support thereof hereby alleges upon information and belief as follows:

**NATURE OF THE ACTION**

1.      Plaintiff seeks, pursuant to Sections 548 and 550 of Title 11 of the United States

Code (the "Bankruptcy Code"), to avoid and recover from Defendant, or from any other person or

entity for whose benefit the transfers were made, certain transfers made during the two-year period

preceding the Petition Date, while the Debtor was insolvent and intended to continue incurring

debts that were beyond the Debtor's ability to pay as such debts matured, in exchange for which the Debtor received less than a reasonably equivalent value.

## JURISDICTION AND VENUE

2.      The United States Bankruptcy Court for the District of Delaware (the "Court") has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334(b).

3.      The statutory and legal predicates for the relief sought herein are Sections 502, 547, 548, 550, and 704(a) of the Bankruptcy Code and Rules 3007 and 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

4.      This adversary proceeding is a "core" proceeding to be heard and determined by the Court pursuant to 28 U.S.C. § 157(b)(2) and the Court may enter final orders and judgments related to matters arising herein.

5.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409 because the Debtor's above-captioned bankruptcy case (the "Bankruptcy Case") is pending in the District of Delaware.

6.      Personal jurisdiction over Defendant exists in this Court because Defendant conducted business in the United States, directed activities toward the Debtor in the United States, and/or the transfers at issue occurred in the United States.

7.      Defendant is subject to nationwide service of process by first-class mail, postage prepaid pursuant to Bankruptcy Rules 7004(b) and (d).

8.      Pursuant to Rule 7008-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, Plaintiff states that he consents to the entry of final orders or judgments by the Court if it is determined that the Court, absent

2

consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## PROCEDURAL BACKGROUND

9.    On November 27, 2019 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code").

10.    On December 4, 2019, Jeoffrey L. Burtch was appointed as interim trustee of the Debtor's estate (the "Estate") pursuant to Section 701 of the Bankruptcy Code.

11.    The Trustee now serves as trustee pursuant to Section 702(d).

## THE PARTIES

12.    The Debtor was a provider of document protection solutions for endpoint devices, including mobile and desktop endpoints.

13.    Pursuant to Sections 502, 548, 550, and 704(a) of the Bankruptcy Code, Plaintiff is authorized and has standing to commence, prosecute, and compromise this cause of action.

14.    Upon information and belief, Defendant was, at all relevant times, an investor in the Debtor.  The Debtor and Defendant conducted business with one another during the two years prior to the Petition Date.

15.    Upon further information and belief, Defendant may be served at the following address: 6207 Kennedy Drive, Chevy Chase, Maryland 20815.

## FACTUAL BACKGROUND

16.    Upon information and belief, during the two years preceding the Petition Date (November 27, 2017 through and including November 27, 2019) (the "Two-Year Period"), the Debtor made transfers (the "Avoidable Transfers") to Defendant in a total amount determined by

3

the Plaintiff to be not less than $452,500.00.  A detailed history of the Avoidable Transfers is contained in **Exhibit "A"** hereto.

17.     During the course of this proceeding, Plaintiff may learn of additional transfers made to Defendant during the Two-Year Period.  It is Plaintiff's intention to avoid and recover all transfers made by the Debtor of an interest of the Debtor in property to or for the benefit of Defendant or any other transferee.  Plaintiff reserves his right to amend this original Complaint to include: (i) further information regarding the Avoidable Transfer(s), (ii) additional transfers, (iii) modifications of and/or revision to Defendant's name, (iv) additional defendants, and/or (v) additional causes of action (*e.g.*, but not exclusively, 11 U.S.C. §§ 542, 544, 545, 547 and/or 549) (collectively, the "Amendments"), that may become known to Plaintiff at any time during this adversary proceeding, through formal discovery or otherwise, and for the Amendments to relate back to this original Complaint.

### COUNT I – TO AVOID FRAUDULENT TRANSFERS PURSUANT TO SECTION 548(a)(1)(B) OF THE BANKRUPTCY CODE

18.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 17 as if fully set forth herein.

19.     Pursuant to Section 548(a)(1)(B) of the Bankruptcy Code, a trustee may avoid transfers occurring within the two years prior to the Petition Date if the Debtor (i) received less than a reasonably equivalent value in exchange for such transfers; and (ii) (I) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation; (II) was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the debtor was an unreasonably small capital; (III) intended to incur, or believed that the debtor would incur, debts that would be

4

beyond the debtor's ability to pay as such debts matured; or (IV) made such transfer to or for the benefit of an insider under an employment contract and not in the ordinary course of business.

20.     After reasonable diligence under the circumstances of this Bankruptcy Case, including with respect to potential defenses under Section 548, Plaintiff believes that each of the Avoidable Transfers is avoidable.

21.     During the Two-Year Period, the Debtor made the Avoidable Transfers to Defendant on the dates, and in the amounts, listed on Exhibit A, for a total sum of at least $452,500.00.

22.     The Debtor received less than a reasonably equivalent value in exchange for each of the Avoidable Transfers.

23.     Upon information and belief, the Debtor was insolvent on all of the dates on which Avoidable Transfers were made from the Debtor to Defendant, or the Debtor became insolvent as a result of the Avoidable Transfers.

24.     At the times that the Avoidable Transfers were made by the Debtor to Defendant, the Debtor was engaged in business and transactions, or was about to engage in business or transactions, for which the remaining property of the Debtor was an unreasonably small capital.

25.     When the Debtor made the Avoidable Transfers to Defendant, the Debtor intended to incur or believed it would incur debts beyond its ability to pay as such debts matured.

26.     By reason of the foregoing, Plaintiff is entitled to an order and judgment under Section 548 of the Bankruptcy Code avoiding the Avoidable Transfers.

5

## COUNT II – TO RECOVER AVOIDED TRANSFERS
## PURSUANT TO SECTION 550(a) OF THE BANKRUPTCY CODE

27.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 26 as if fully set forth herein.

28.     Defendant was the initial transferee of the Avoidable Transfers or the immediate or mediate transferee of such initial transferee or the person for whose benefit the Avoidable Transfers were made.

29.     Plaintiff is entitled to recover from Defendant the Avoidable Transfers pursuant to Section 550(a) of the Bankruptcy Code, to the extent they are avoided pursuant to Section 548 of the Bankruptcy Code, plus interest thereon to the date of payment and the costs of this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment against Defendant granting the following relief:

A.     On Counts I and II of Plaintiff's Complaint, judgment in favor of Plaintiff and against Defendant, avoiding all of the Avoidable Transfers and directing Defendant to return to Plaintiff the amount of the Avoidable Transfers, pursuant to 11 U.S.C. §§ 548(a)(1)(B), and 550(a), plus interest from the date of demand at the maximum legal rate and to the fullest extent allowed by applicable law, together with the costs and expenses of this action including, without limitation, attorneys' fees; and

LEGAL\52511017\1 07998.0001.000/470505.000

B.    Granting Plaintiff such other and further relief as this Court may deem just and proper.

Dated: June 23, 2021                              COZEN O'CONNOR

                                                  */s/ Gregory F. Fischer*
                                                  Mark E. Felger (No. 3919)
                                                  Gregory F. Fischer (No. 5269)
                                                  Marla S. Benedek (No. 6638)
                                                  1201 N. Market Street, Suite 1001
                                                  Wilmington, DE 19801
                                                  T: (302) 295-2000; F: (302) 295-2013
                                                  mfelger@cozen.com
                                                  gfischer@cozen.com
                                                  mbenedek@cozen.com

                                                  *Counsel for Jeoffrey L. Burtch, Chapter 7 Trustee*
                                                  *for the Estate of Debtor, GigaMedia Access*
                                                  *Corporation*

7